Hardy v. Lundblad                    CV-92-311-B    08/04/94

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE


Joan Hardy and Brian Hardy

     v.                              Civil No. 92-311-B

Peter Lundblad


**O R D E R**

Plaintiffs move for an order of additur and/or new trial on the ground that the damages the jury awarded were grossly inadequate.

Insofar as plaintiffs request an order of additur, I deny the request because the Seventh Amendment bars this form of relief in the present case. Dimick v. Schiedt, 293 U.S. 474, 486-87 (1935); see generally, 6A Moore's Federal Practice ¶59.08[8].

Plaintiffs' request for a new trial is governed by Fed. R. Civ. P. 59. Accordingly, I will grant the request only if I am convinced that the jury's verdict is "against the clear weight of the evidence or is based upon evidence which is false or will result in a clear miscarriage of justice." Freeman v. Package Mach. Co., 865 F.2d 1331, 1333 (1st Cir. 1988) quoting Coffran v.

Hitchcock Clinic, Inc., 683 F.2d 5, 6 (1st Cir.), cert. denied, 459 U.S. 1087 (1982). As the court further observed in Freeman, "[i]f the weight of the evidence is not grotesquely lopsided, it is irrelevant that the judge, were he sitting jury-waived, would likely have found the other way." Id. at 1334.

Applying the above-described standard, I deny plaintiffs' request because ample evidence was produced at trial to support the jury's verdict, and no miscarriage of justice will result if I allow the verdict to stand. To a great extent, plaintiffs' case was based upon Mrs. Hardy's subjective assessment of the effect her injuries had on her ability to work, to perform routine household tasks, and to provide consortium to her husband. While the jury could reasonably have accepted her testimony and the objective medical evidence she offered in support of her position, it could also have reasonably concluded that she was not disabled by her injuries to the extent she claimed. Similarly, since conflicting evidence was produced at trial with respect to Mrs. Hardy's claim that she needed future surgery, the jury could have reasonably either accepted or rejected her claim. Thus, the jury's verdict was not so against the weight of the evidence as to require a new trial. Nor do I believe that the jury's verdict represents a miscarriage of

2

justice. Accordingly, I decline plaintiffs' request for a new trial.

Plaintiffs' motion for additur and/or new trial (document no. 40) is denied.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

August 4, 1994

cc:  Paul Cox, Esq.
     Kevin Devine, Esq.